# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LOWELL L. HAWKINS          :

       Plaintiff,                        Case No. 3:07-cv-00242

  -vs-

                                            District Judge Walter Herbert Rice

MICHAEL J. ASTRUE,                Chief Magistrate Judge Michael R. Merz
Commissioner of Social Security,

       Defendant.      :

## REPORT AND RECOMMENDATIONS

Plaintiff brought this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of Defendant Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security benefits. The case is now before the Court for decision after briefing by the parties directed to the record as a whole.

Judicial review of the Commissioner's decision is limited in scope by the statute which permits judicial review, 42 U.S.C. §405(g). The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *citing, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict

(now judgment as a matter of law), against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hepner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365 (6th Cir. 1984); *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner, supra.* If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the Court as a trier of fact would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir. 1981).

To qualify for disability insurance benefits (SSD), a claimant must meet certain insured status requirements, be under age sixty-five, file an application for such benefits, and be under a disability as defined in the Social Security Act, 42 U.S.C. § 423. To establish disability, a claimant must prove that he or she suffers from a medically determinable physical or mental impairment that can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). Secondly, these impairments must render the claimant unable to engage in the claimant's previous work or in any other substantial gainful employment which exists in the national economy. 42 U.S.C. §423(d)(2).

The Commissioner has established a sequential evaluation process for disability determinations. 20 C.F.R. §404.1520 . First, if the claimant is currently engaged in substantial gainful activity, the claimant is found not disabled. Second, if the claimant is not presently engaged

in substantial gainful activity, the Commissioner determines if the claimant has a severe impairment or impairments; if not, the claimant is found not disabled. Third, if the claimant has a severe impairment, it is compared with the Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1. If the impairment is listed or is medically equivalent to a listed impairment, the claimant is found disabled and benefits are awarded. 20 C.F.R. §404.1520(d). Fourth, if the claimant's impairments do not meet or equal a listed impairment, the Commissioner determines if the impairments prevent the claimant from returning to his regular previous employment; if not, the claimant is found not disabled. Fifth, if the claimant is unable to return to his regular previous employment, he has established a *prima facie* case of disability and the burden of proof shifts to the Commissioner to show that there is work which exists in significant numbers in the national economy which the claimant can perform. *Bowen v. Yuckert,* 482 U.S. 137, 145, n.5 (1987).

Plaintiff previously filed an application for SSD on February 4, 1999, alleging disability from May 8, 1998, due to various vertebrogenic disorders, obesity, hypertension, insomnia and depression. (Tr. 34). Plaintiff's application was denied throughout the administrative process, which included a remand by the Appeals Council, and this Court subsequently affirmed the Commissioner's June 28, 2002, decision. *Hawkins v. Commissioner of Social Security,* Case No. C-3-03-202 (S.D. Ohio, Aug. 30 and 31, 2004). (Doc. 13, 14). During that process, Plaintiff had filed another application for SSD alleging disability from May 24, 2000, and the Commissioner escalated that application for hearing with the February 4, 1999, application so that the Commissioner's decision addressed both the February, 1999, and May, 2000, applications. See *Id.*

Plaintiff filed a third application for SSD on June 5, 2003, alleging disability from June 29, 2002, due to a herniated disc, a bulging disc, arthritis, high blood pressure, and obesity. (Tr.

3

129). Plaintiff's application was denied initially and on reconsideration. (Tr. 52-55; 57-59). A hearing was held before Administrative Law Judge David A. Redmond, (Tr. 438-58), who determined that Plaintiff is not disabled. (Tr. 14-23). The Appeals Council denied Plaintiff's request for review, (Tr. 3-5), and Judge Redmond's decision became the Commissioner's final decision.

In determining that Plaintiff is not disabled, Judge Redmond noted that Plaintiff last met the insured status requirement of the Act on September 30, 2002. (Tr. 16, ¶ 1). Judge Redmond then found that Plaintiff has severe degenerative disc disease of the lumbar and cervical spines, hypertension, obesity, and gout, (Tr. 16, ¶ 3), but that he does not have an impairment or combination of impairments that meets or equals the Listings. (Tr. 17, ¶ 4). Judge Redmond also found that Plaintiff has the residual functional capacity to perform a reduced range of medium work, with the following limitations: opportunity to alternate positions and no repetitive twisting or bending, crawling, or climbing (Tr. 18, ¶ 5). Judge Redmond also limited Plaintiff to jobs that involve minimal public contact and reduced pressure for production. *Id.* After finding that Plaintiff is unable to perform his past relevant work as a light truck driver, lathe tender, hand packer, and bus driver (Tr. 21, ¶ 6), Judge Redmond used section 203.07 of the Grid as a framework for deciding, coupled with a vocational expert's (VE) testimony, and determined that there is a significant number of jobs in the economy that Plaintiff is capable of performing. (Tr. 21, ¶ 10; Tr. 22). Judge Redmond concluded that Plaintiff is not disabled and therefore not entitled to benefits under the Act. (Tr. 22).

The current administrative record does not contain any medical evidence prior to 2001. However, a review of medical evidence related to Plaintiff's two prior applications is contained the Court's February 9, 2004, Report and Recommendation. *Hawkins v. Commissioner of Social Security, supra,* at Doc. 10. That review is incorporated herein by reference.

The record contains a copy of Plaintiff's treatment notes from the Veteran's Administration health care facility ("VA") dated September 18, 2001, to September 15, 2005. (Tr. 160-344; 355-415). Those notes reveal that Plaintiff has been treated for various medical conditions and complaints including "back pain as usual", diabetes and glucose monitoring, obesity, hypertension, left hip and knee pain, right leg pain, one pre-syncopal episode, and shortness of breath. *Id.* Plaintiff's VA treatment notes also contain reports of objective medical tests such as x-rays which revealed degenerative changes in Plaintiff's left hip, arthritic changes in his left knee, and minimal spur formation at the medial malleolus of his right leg. *Id.*

Examining psychologist Dr. Bromberg reported on September 9, 2002, that Plaintiff reported he had been depressed since 1995 or 1996, and that he complained of irritability, sadness, crying spells, suicidal thoughts, poor concentration, and inconsistent memory. (Tr. 416-24). Dr. Bromberg also reported that Plaintiff stated that he stopped working in 1992, and that he described himself as "an inconsistent and unmotivated worker who often complained, at times had conflicts with bosses, and was fired from one or more jobs for misbehavior." *Id.* Dr. Bromberg noted that Plaintiff exhibited pain behaviors, his psychomotor behaviors and affect appeared normal, his mood appeared somber, and that his energy appeared normal. *Id.* Dr. Bromberg also noted that Plaintiff scored in the extreme anxiety or panic range on the Burns Anxiety Inventory, that he was alert and oriented, had sufficient concentration, that his memory was in the low average range, his judgment and insight were fair, and that his verbal IQ was 90, his performance IQ was 75, and his full scale IQ was 81, placing him in the low average range of intelligence. *Id.* Dr. Bromberg noted further that Plaintiff's diagnoses were dysthymic disorder and pain disorder associated both with psychological factors and a general medical condition and he assigned Plaintiff a GAF of 50. *Id.* Dr. Bromberg

5

opined that Plaintiff's ability to relate to others was markedly impaired, his ability to understand, remember, and follow instructions was moderately impaired, that his ability to maintain concentration and attention to perform simple, repetitive tasks was moderately impaired, and that his ability to withstand the stress and pressures associated with day-to-day work activity was markedly impaired. *Id.* Dr. Bromberg also opined that Plaintiff's abilities to make occupational adjustments, performance adjustments, and personal-social adjustments were fair to poor and that he was unable to perform any work-related mental activities. *Id.*

On January 11, 2005, Plaintiff treated with Dr. Papadakis in the VA's mental health clinic for an individual psychotherapy session. (Tr. 388-89). Dr. Papadakis noted that Plaintiff was depressed, anxious, and socially isolated, with poor attention, concentration, and poor short-term and long-term memory. *Id.* Dr. Papadakis diagnosed Plaintiff with major depression, chronic, severe and assigned Plaintiff a GAF of 35. *Id.* Dr. Papadakis opined that Plaintiff was completely and permanently unemployable. *Id.* Dr. Papadakis concluded that Plaintiff is not able to obtain and maintain gainful employment as evidenced by GAF of 35 and he further based his opinion on Plaintiff's presentation as well as his (Dr. Papadakis') knowledge of patient for last 2 ½ years. *Id.*

Dr. Papadakis responded to interrogatories on January 16, 2005, wherein he indicated that he had treated Plaintiff for about two-and-a-half years. (Tr. 345-54). Dr. Papadakis stated Plaintiff has severe depression and that his pain was disabling to his ability to work. *Id.* Dr. Papadakis concluded that Plaintiff was "permanently unemployable" and he further opined that Plaintiff was not able to perform most work-related mental activities. *Id.*

First, the Court notes that this matter essentially involves a closed period. As noted

above, Plaintiff alleges disability since June 29, 2002, and Plaintiff's insured status expired on September 30, 2002.

In his Statement of Issues, Plaintiff essentially argues that the Commissioner improperly applied *Drummond v. Commissioner of Social Security,* 126 F.3d 837 (6th Cir. 1997) and Acquiescence Ruling ("AR") 98-4(6). (Doc. 8).

*Drummond* essentially provides that absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the residual functional capacity finding of a previous ALJ. Plaintiff's position is that Judge Redmond ignored the objective medical evidence from September, 2002, which, Plaintiff alleges, reflects advanced degenerative changes in his (Plaintiff's) left hip and knee. (Doc. 8). Plaintiff also argues Judge Redmond erroneously rejected the psychological examination performed by Dr. Bromberg in September, 2002, which, Plaintiff claims, reveals a worsening of his depression and chronic pain syndrome.

Additionally, a key question in this case is the severity of any of Plaintiff's impairments before the expiration of his insured status. A social security disability claimant bears the ultimate burden of proof on the issue of disability. *Richardson v. Heckler,* 750 F.2d 506, 509 (6th Cir. 1984) (citation omitted). The claimant's specific burden is to prove that he was disabled on or before the last date on which he met the special earnings requirement of the Act. *Id.* (citation omitted); *Moon v. Sullivan,* 923 F.2d 1175, 1182 (6th Cir. 1990). Post insured status evidence of a claimant's condition is generally not relevant. *Bagby v. Harris,* 650 F.2d 836 (6th Cir. 1981); *see also, Bogle v. Secretary of Health and Human Services,* 998 F.2d 342 (6th Cir. 1993). However, such evidence will be considered if it establishes that an impairment existed continuously and in the same degree from the date the insured status expired. *Johnson v. Secretary of Health and Human*

7

*Services,* 679 F.2d 605 (6th Cir. 1982).  Plaintiff's insured status expired on September 30, 2002. Therefore, Plaintiff must establish that he became disabled on or before that date.

With respect to Plaintiff's exertional impairments, Plaintiff does not contend that there was new and material evidence that documented a worsening of the degenerative disc disease of his lumbar and cervical spines, hypertension, obesity, or gout.  Rather, Plaintiff alleges that there was significant evidence of problems with his left hip and knee which the Commissioner did not consider.  (Doc. 8 at 12-14).  Plaintiff relies on his September, 17, 2002, complaint of "more than usual" pain in his left hip and knee as well as x-ray findings which revealed advanced changes of degenerative arthritis.

While it is true that Dr. Rhee, one of Plaintiff's treating physicians at the VA facility, indicated on September 17, 2002, that Plaintiff was complaining of left hip and knee pain "more than usual," the only objective findings that Dr. Rhee noted were hip and knee tenderness.  (Tr. 300). In addition, the Court notes that on a subsequent visit to Dr. Rhee reported that Plaintiff was "doing OK", and had "no complaint" other than numbness of his right arm[1].  (Tr. 298).  Stated differently, Plaintiff's subjective complaints and the minimal objective clinical findings do not support Plaintiff's argument that there is significant evidence of a worsening of his alleged knee and hip impairments.  Under these facts, this Court cannot say that the Commissioner improperly applied *Drummond*.

The Court turns to Plaintiff's argument that there is evidence that his mental impairment has resulted in limitations that are more restrictive than those the Commissioner found in June, 2002.  At that time, the Commissioner made an alternative finding that if Plaintiff's mental

---

[1] The Court recognizes that this December, 2002, visit to Dr. Rhee post-dates the expiration of Plaintiff's insured status.  Nevertheless, as noted above, it provides insight into the severity of Plaintiff's complaints and impairments.

impairment was severe, he was limited to performing low stress jobs which did not involve direct interpersonal contact with members of the general public, over-the-shoulder supervision, or production quotas. (Tr. 44-45).

In support of his position with respect to his alleged mental impairment, Plaintiff relies on Dr. Bromberg's September 9, 2002, report which he (Plaintiff) alleges establishes a worsening of his mental impairment. As noted above, in that report Dr. Bromberg essentially opined that Plaintiff is disabled as a result of his mental impairment.

Judge Redmond rejected Dr. Bromberg's opinion on the basis that in reaching his conclusions, Dr. Bromberg relied primarily on Plaintiff's subjective complaints as well as on the basis that the opinion was internally inconsistent and inconsistent with the other evidence of record. (Tr. 17).

First, the Court notes that although Dr. Bromberg essentially opined that Plaintiff is disabled, he reported few objective clinical finding. For example, he reported that Plaintiff's psychomotor behaviors and affect were normal, his speech was normal in volume and content, his speech content was appropriate and coherent, his mood appeared, at worse, "somber", and that his energy appeared normal. (Tr. 416-24). In addition, Dr. Bromberg reported that Plaintiff did not appear tearful, was alert and oriented, and that he had adequate judgment and fair insight. *Id.* Indeed, a review of Dr. Bromberg's report shows that much of it is a recitation of Plaintiff's self-reported, subjective complaints. *Id.*

Next, Dr. Bromberg's opinion is inconsistent with the other evidence of record. For example, even Dr. Bromberg reported that Plaintiff received treatment by Dr. Papadakis at the VA facility only every 2-3 months. *Id.* Additionally, Dr. Bromberg's opinion is inconsistent with the

9

reviewing psychologist's opinion, (Tr. 141-53), as well as with Plaintiff's self-reported activities which include going shopping, attending sports events, caring for his 13-year old grandson who lives with him, driving, watching television, and visiting others. (Tr. 101-02; 442-46).

Plaintiff argues that Judge Redmond erred by rejecting Dr. Bromberg's report on the basis that the Appeals Council and this Court had previously considered that report and apparently determined that it was not sufficient evidence upon which to invalidate the Commissioner's previous decision.

Even assuming that Judge Redmond erred in determining that the Appeals Council and this Court previously rejected Dr. Bromberg's opinion, this Count concludes that such error would have been harmless. Specifically, for the reasons given above, the Commissioner had additional adequate bases for rejecting Dr. Bromberg's September, 2002, opinion.

Our duty on appeal is not to re-weigh the evidence, but to determine whether the decision below is supported by substantial evidence. *See, Raisor v. Schweiker,* 540 F.Supp. 686 (S.D.Ohio 1982). The evidence "must do more than create a suspicion of the existence of the fact to be established. ... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Secretary of Health and Human Services,* 802 F.2d 839, 840 (6th Cir. 1986), *quoting, NLRB v. Columbian Enameling & Stamping Co.,* 306 U.S. 292, 300 (1939). The Commissioner's decision in this case is supported by such evidence.

It is therefore recommended that the Commissioner's decision that Plaintiff was not disabled and therefore not entitled to benefits under the Act be affirmed.

June 6, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

J:\Social Security - Drafts\Hawkins_SSD2.wpd

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).